IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRIONI SHELLEY AND CYNTHIA JAMES,** <br> **Plaintiffs,** <br><br> v. <br><br> **NATIONWIDE INSURANCE COMPANY,** <br> **Defendant.** | CIVIL ACTION <br><br><br><br> NO. 24-4329 |

## MEMORANDUM OPINION

Plaintiffs Chrioni Shelley and Cynthia James sued Nationwide General Insurance Company ("Nationwide") for breach of contract after Nationwide denied Shelley's insurance claim for uninsured motorist benefits. Nationwide has now moved for summary judgment pursuant to Federal Rule of Civil Procedure 56(a). For the reasons that follow, Nationwide's Motion will be denied.

### I.  FACTUAL BACKGROUND

Except where otherwise noted, the following facts are not in genuine dispute.

At all times relevant to this case, Plaintiff Chrioni Shelley was employed by Wright Care Home Care, LLC, as a caretaker for Plaintiff Cynthia James. Shelley's responsibilities included providing companionship, assisting with medication, and performing other patient care tasks. While the parties dispute the extent to which Shelley's duties explicitly required transportation of patients, Shelley admits that she drove James to appointments and to get prescriptions filled "when needed."

On August 16, 2023, Shelley and James were involved in a motor vehicle accident in West Philadelphia. Shelley was driving James, who is unable to drive, to a local Walgreens to

1

pick up medication. Shelley attempted to make a left turn onto Vine Street and was struck by an "unidentified phantom vehicle," causing injuries to both Shelley and James.

After the accident, Shelley filed a claim for uninsured motorist benefits with Defendant Nationwide, who insured the vehicle that Shelley was driving. Nationwide denied the claim, however, on the grounds that the insurance policy excludes uninsured motorist coverage in situations where the insured vehicle is used to "carry persons or property for a fee or compensation." Nationwide asserted that Shelley's use of the vehicle at the time of the accident—*i.e.*, driving a patient to the pharmacy to pick up prescriptions—fell within the scope of the policy exclusion, and now moves for summary judgment on the same basis.

## II.  LEGAL STANDARDS

A party is entitled to summary judgment if it shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247-48. "Inferences to be drawn from the underlying facts contained in the evidential sources must be viewed in the light most favorable to the party opposing the motion." *Peters Twp. Sch. Dist. v. Hartford Acc. & Indem. Co.*, 833 F.2d 32, 34 (3d Cir. 1987).

"A genuine issue is present when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the non-moving party in light of his burden of proof." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-26 (1986); *Anderson*, 477 U.S. at 248-52). "The non-moving party may not merely deny the allegations in the moving party's pleadings; instead, he must show where in the

record there exists a genuine dispute over a material fact." *Id.* (citation omitted). A moving party is entitled to judgment as a matter of law where the "nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex*, 477 U.S. at 323.

### III.    DISCUSSION

"It is the function of the court to interpret insurance contracts under Pennsylvania law." *Am. Auto. Ins. Co. v. Murray*, 58 F.3d 311, 320 (3d Cir. 2011) (citations omitted). In coverage disputes like this one, the insured bears the burden of proving that their claim falls within the scope of coverage, while the insurer bears the burden of proving the applicability of any exclusions. *See Koppers Co. v. Aetna Cas. & Sur. Co.*, 98 F.3d 1440, 1446 (3d Cir. 1996) (citations omitted). Pennsylvania courts look to the plain language of the policy to determine the scope of an exclusion. *See Madison Constr. Co. v. Harleysville Mut. Ins. Co.*, 735 A.2d 100, 106 (Pa. 1999). If the language of a policy is clear and unambiguous, that language is given effect. *Id.* However, if a policy term is ambiguous—meaning, "if it is reasonably susceptible of different constructions and capable of being understood in more than one sense"—it must be construed in favor of the insured. *Id.* (internal citations and quotations omitted). This treatment is consistent with the general rule in Pennsylvania of construing insurance policy exclusions strictly against the insurer and in favor of the insured. *See QBE Ins. Corp. v. Walters*, 148 A.3d 785, 788 (Pa. Super. 2016) (citing *Swarner v. Mutual Ben. Group*, 72 A.3d 641, 645 (Pa. Super. 2013)).

The Nationwide policy at issue excludes uninsured motorist coverage in the following situations:

> 1. When 'your covered auto' is being used:
>
>    a. To carry persons or property for a fee or compensation. . . .
>
>    b. On a regular basis for retail or wholesale delivery, including, but not limited to, pizza, magazine, newspaper and mail delivery.

Plaintiffs contend that this exclusion—specifically, subsection (a)—is ambiguous as it is susceptible to two reasonable interpretations: (1) a broader interpretation under which "Shelley did transport [James] for a fee because the accident occurred during the course of her employment for which she received wages;" or, (2) a narrow interpretation under which Shelley did not transport James "for a fee" because neither Shelley or her employer charged James an itemized fee in order to drive her to the pharmacy.  In support, Plaintiffs cite to *Prudential Property & Casualty Insurance Company v. Sartno*, a case in which the Pennsylvania Supreme Court determined that the phrase "for a fee" was ambiguous and therefore interpreted an insurance policy containing that phrase in favor of the insured.  903 A.2d 1170, 1177 (Pa. 2006).

*Sartno* is instructive, as it involves analogous facts and nearly identical policy language.  In that case, the insured was a part-time pizzeria employee whose "duties included cleaning the restaurant, preparing food, and delivering pizza." *Id.* at 1171.  He was paid the same wage regardless of which duties he may have performed, and the pizzeria did not charge customers a delivery fee. *Id*.  After he injured a pedestrian while delivering pizzas, the insurer sought a declaratory judgment precluding coverage for the accident, citing to a policy provision that excluded coverage for damage caused while the vehicle was being used "to carry people or property for a fee." *Id.* at 1171-72.  The Pennsylvania Supreme Court reasoned as follows:

> We find that there are at least two perspectives that are reasonable: (1) using a broad interpretation, [the insured] did carry property for a fee because his deliveries occurred during the course of his

4

> employment, for which he received wages; or (2) under a narrower interpretation, [the insured] did not carry property for a fee because there was no delivery charge. The instant matter is a prime example of language in a policy that can be understood in more than way. [The insured] prefers one interpretation; [the insurer] favors the other. Regardless of which one is "right" or "wrong," the fact is that because each interpretation is reasonable, the exclusionary term is ambiguous, and we must construe it in favor of the insured.

*Id.* at 1177.

The case at bar is quite similar to *Sartno*. Like the part-time pizzeria employee, Shelley had a job that required her to perform a variety tasks—not all of which involved or required driving—and she was paid the same amount of money regardless of what specific tasks she undertook on a given day. *Id.* at 1171. Further, neither Shelley nor her employer charged James a specific fee to be driven someplace—driving was *gratis*, just like the pizza deliveries in *Sartno*. *Id.* As for the insurance policies at issue here and in *Sartno*, they are nearly identical: the former excludes coverage when the car is used "[t]o carry persons or property for a fee or compensation," while the latter excluded coverage when the car was used "to carry people or property for a fee." *Id.* at 1172.

Because of these similarities, the two reasonable interpretations of the exclusionary language identified by the Pennsylvania Supreme Court in *Sartno* are equally reasonable here. Under the broader interpretation, Shelley drove James "for a fee or compensation" because driving James was one of her many job duties, and she was paid—*i.e.*, "compensat[ed]"—for the time she spent doing so. Under the narrower interpretation, Shelley did not drive James "for a fee or compensation" because James did not pay Shelley or Shelley's employer a specific amount of money in exchange for the ride, and because Shelley would have received her wage regardless of whether she drove to the pharmacy to pick up the medicine or procured it by other means. "Regardless of which one is 'right' or 'wrong,' the fact is that . . . each interpretation is

5

reasonable . . . ." *Sartno*, 903 A.2d at 1177.

Recognizing the similarities between this case and *Sartno*, Nationwide contends that *Sartno* can be distinguished by the presence of the phrase "or compensation" in the Nationwide policy at issue here. It argues that the policy exclusion unambiguously applies to Shelley's claim because she was transporting James, a "person," to the pharmacy as part of her employment duties and was given "compensation" by her employer for doing so (in the form of her usual wages).[1] In other words, Nationwide argues that any ambiguity about whether Shelley drove James "for a fee" is irrelevant—*pace* the Pennsylvania Supreme Court in *Sartno*—because Shelley clearly and unambiguously drove James "for . . . compensation."

To support its argument that the word "compensation" eliminates whatever ambiguity may otherwise exist in the policy language, Nationwide cites to *Nationwide Property & Casualty Insurance Company v. Ismakovic*, 531 F. Supp.3d. 926 (E.D. Pa. 2021). In that case, the District Court considered policy language identical to the one at issue here and found that it unambiguously excluded coverage for an independent contractor who used his mother's car on a regular basis to deliver packages. *Id.* at 933-34. But the Court in *Ismakovic* did not rely on the word "compensation" or, for that matter, any of the language in subsection (a) of the policy

---

[1] Nationwide also draws attention to the fact that the vehicle's owner, Shelley's friend Robert Colon, "testified that [Shelley] was never allowed to use the vehicle for any reason other than to drive [James] around." As an initial matter, Nationwide misstates the record: Colon's testimony was that Shelley was only permitted to use the car to drive *himself or James* around. Furthermore, in response to the very next question asked of him ("Did she ever use your car for work?"), Colon answered "No." Nationwide does not explain this discrepancy, or even provide the Court with the full deposition transcript to address it.

But even if Colon's testimony were as Nationwide portrays it—if Shelley were only permitted to use the car in connection with her work as James's caretaker—Nationwide does not explain how this fact would move the needle in its favor. Colon is not Shelley's employer or boss, and Nationwide points to nothing in the record suggesting that Colon benefits financially from Shelley's work. Without more, and considering that it was raised for the first time in Nationwide's reply brief, this argument must be deemed waived. *See Reynolds v. Wagner*, 128 F.3d 166, 178 (3d Cir. 1997) ("[A]n argument consisting of no more than a conclusory assertion such as the one made here . . . be deemed waived."); *Stern v. Halligan*, 158 F.3d 729, 731 n.3 (3d Cir. 1998) ("A party cannot raise issues for the first time in a reply brief.").

exemption in determining that the policy unambiguously excluded coverage; instead, the Court relied exclusively on the language of subsection (b), which excludes coverage when a vehicle is used on a regular basis to make deliveries.  *See id.* at 933 ("[W]e need not determine whether subsection (a) applies to [the driver's] accident because the unambiguous language of subsection (b) excludes coverage.").  So, despite how Nationwide characterizes the case, *Ismakovic* does not support the proposition that the word "compensation" eliminates the ambiguity in subsection (a) of the policy exclusion, since the District Court explicitly forswore any reliance on the language of subsection (a).  *Id.*

Nationwide offers no other caselaw as a guide to the interpretation of the word "compensation," and its insurance policy does not define the term; the only other authority Nationwide appeals to is the "plain meaning" of the word.  The Pennsylvania Supreme Court uses the dictionary "to apprehend a term's plain meaning."  *Thomas Jefferson Univ. Hosps., Inc. v. Pa. Dep't of Labor & Indus.*, 162 A.3d 384, 392 (Pa. 2017).  Merriam-Webster offers six definitions of the word "compensation," and only the sixth—"payment, remuneration"—seems to fit Nationwide's position.  *Compensation*, Merriam-Webster, https://www.merriam-webster.com/dictionary/compensation (last visited January 30, 2025).  The five other definitions listed, as well as most of the definitions provided by the Oxford English Dictionary, sound instead in the concepts of recompense, restoring balance, or making something whole again.  *See id.* (listing, as definitions, "something that constitutes an equivalent or recompense" and "payment to unemployed or injured workers or their dependents"); *Compensation*, Oxford English Dictionary, https://www.oed.com/dictionary/compensation_n (last visited January 30, 2025) (listing, as definitions, "[t]he action of compensating, or condition of being compensated; counterbalance, rendering of an equivalent, requital, recompense" and "that which is given in

7

recompense, an equivalent rendered, remuneration, amends"). In sum, there are many meanings of the word "compensation," and most of them do not plausibly support Nationwide's interpretation.

Recourse to the dictionary, then, does not resolve the ambiguity in subsection (a). Nor does recourse to caselaw, since the only case Nationwide cites for the plain meaning of the word "compensation," *Ismakovic*, does not stand for the proposition Nationwide claims it does. *See* 531 F. Supp.3d at 933. Without guidance from one or both of these sources, and with due regard to the Pennsylvanian trend of construing exclusionary clauses "strictly . . . against the insurer and in favor of the insured," *Walters*, 148 A.3d at 788, the conclusion must be, as it was in *Sartno*, that subsection (a) "is reasonably susceptible of different constructions" and should be construed in favor of the insured such that Shelley's insurance claim is covered under the policy. *Madison Constr. Co.*, 735 A.2d at 107; *Sartno*, 903 A.2d at 1177. Since Plaintiffs' interpretation prevails, Nationwide has failed to demonstrate that it is entitled judgment as a matter of law and its Motion for Summary Judgment will be denied.

An appropriate order follows.

                                        **BY THE COURT:**

                                        **S/ WENDY BEETLESTONE**

                                        **WENDY BEETLESTONE, J.**